**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 24, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

ANTHONY J. LUCERO,

      Petitioner - Appellant,

v.

ANGEL MEDINA, Warden; JOHN W. SUTHERS, The Attorney General of the State of Colorado,

      Respondents - Appellees.

No. 13-1300
(D.C. No. 12-CV-01919-RM)
(D. Colo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

Petitioner-Appellant Anthony Lucero, a Colorado state inmate proceeding pro se, seeks to appeal from the district court's denial of his petition for writ of habeas corpus. 28 U.S.C. § 2254; Lucero v. Medina, 2013 WL 2338478 (D. Colo. May 29, 2013); reconsideration denied, 2013 WL 3010826 (D. Colo. June 17, 2013). We deny a certificate of appealability ("COA") and dismiss the appeal.

Background

In 1987, Mr. Lucero was convicted by a jury and sentenced to life in prison for felony murder, attempted aggravated robbery, and two counts of crime of

violence arising from a failed bank robbery that resulted in the killing of an off-duty police officer working as a bank security guard. R. 193, 438. The Colorado Court of Appeals vacated the attempted aggravated robbery conviction and one count of crime of violence but affirmed Mr. Lucero's remaining convictions. See People v. Lucero, No. 87CA1261 (Colo. App. May 16, 1991), R. 437-49; see also People v. Lucero No. 91SC456 (Colo. May 11, 1992), R. 401-02. Mr. Lucero then sought post-conviction relief in state court, which was denied. R. 379; see People v. Lucero, No. 08CA1973, 2011 WL 3505422 (Colo. App. Aug. 11, 2011) cert. denied, No. 11SC851, 2012 WL 2394388 (Colo. June 25, 2012).

In his federal habeas petition, Mr. Lucero raised seven claims for relief, all of which the district court denied either on the merits, as procedurally defaulted, or because they were not cognizable federal habeas claims. R. 8-9, 563-82, 701-35. He renews three of the claims in his opening brief and request for a COA: (1) competency to stand trial, (2) ineffective assistance of counsel, and (3) the failure to appoint counsel and provide free transcripts in order to pursue an evidentiary hearing on his competency and ineffective assistance of counsel claims.

## Discussion

In order for this court to grant a COA, Mr. Lucero must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists could debate whether (or, for that matter, agree that) the

- 2 -

petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). Where the district court rejected Mr. Lucero's claims on the merits, he must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

Like the district court, we must defer to the state court proceedings on these claims unless they "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2); accord Hardy v. Cross, 132 S. Ct. 490, 491 (2011) (recognizing the "highly deferential" standard of review to state-court determinations under § 2254). State court findings of fact are presumed correct, absent clear and convincing evidence otherwise. 28 U.S.C. § 2254(e)(1).

Having carefully reviewed Mr. Lucero's three claims, the district court's analysis, and the record, we are persuaded that the district court's resolution is not reasonably debatable, given the appropriate level of deference for state court factual findings and legal resolution of federal claims. See Lucero, 2013 WL 2338478 at *6-*12. The state appellate court concluded that a competency hearing was not required because an earlier psychiatric evaluation determined he

was competent to stand trial, despite suffering from schizophrenia; Mr. Lucero was not tried while incompetent; and Mr. Lucero could not show deficient performance of counsel or prejudice on competency. <u>See</u> <u>Dusky v. United States</u>, 362 U.S. 402, 402 (1960); <u>see also</u> <u>Miles v. Dorsey</u>, 61 F.3d 1459, 1472-73 (10th Cir. 1995); R. 198-200, 205-14, 200-205. In addition, counsel's decision not to further investigate and pursue Mr. Lucero's mental health was reasonable under the circumstances. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 688, 691 (1984); R. 201-02. Finally, the district court properly resolved these two claims based on a review of the existing record, making an evidentiary hearing unnecessary.

Accordingly, we DENY a COA and DISMISS the appeal.

We GRANT the motion for Mr. Lucero to proceed in forma pauperis.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge